### B. MINTER'S ADM'R *v.* A. ENGLEHARD, ET AL.

**Pleading—Answers.**

The answers filed by one defendant cannot operate in favor of other defendants.

**Husband and Wife.**

The wife is under no moral obligation to pay her husband's debts, and therefore a promise by her to apply the proceeds of a life insurance policy to that purpose is without consideration.

**Consideration.**

An express promise cannot be supported by a consideration from which the law would not imply a promise, except where the express promise does away with a legal suspension or bar of a right of action, which but for such suspension or bar would be valid.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 30, 1877.

OPINION BY JUDGE COFER:

We do not find in the record an order overruling the exceptions to the master's report filed at the December term, 1875 (January, 1876).

Whatever may have been the effect of the answers of Mrs. Minter and the administrator of her husband's estate in the suit of Allis & Company, so far as Allis & Company were concerned, we do not perceive, and counsel have failed to suggest any ground upon which the answers in that case can operate in favor of the other creditors of the decedent so as to render the fund arising from the insurance policy liable to the other creditors, or authorize the court to treat that fund as assets for the payment of all the debts of the intestate. If it were conceded that Allis & Company thereby acquired a claim upon that fund, or against Mrs. Minter, it would not follow that the other creditors have a like claim. It is nowhere shown or even claimed that they in any way acted upon what was said in the answers in that case, or altered their course on that account.

Nor can we concur with the learned counsel for the appellees that Mrs. Minter was under a moral obligation to pay her husband's debts, and that therefore there was a sufficient consideration for her promise to apply the proceeds of the life policy to that purpose. We have had access to all the cases cited, but such as we have had an opportunity to examine fall very far short of the position assumed by counsel.

*Waul v. Kirkman,* 25 Miss. 609, was a contest between creditors of the insolvent estate of a deceased married woman, but there is no reference in the opinion to a note given by a widow for her deceased husband's debt, and no discussion of the question whether a widow is or is not under a moral obligation to pay her husband's debts. *Brunner's Appeal,* 47 Pa. St. 67, has been equally misapprehended by counsel. That was a proceeding to enforce against the estate of a deceased lady a judgment bond executed by her while covert for lime and rails furnished by Brunner to be put upon the land belonging to the feme, and the court held the bond void. No debt of the husband was considered in the case, nor was any reference whatever made to the question under discussion here.

It is the moral, natural and legal duty of the husband to support the wife, and it might therefore be very plausibly argued that the husband is under a moral obligation to pay her debts, even though contracted by her under such circumstances as do not render him legally liable. But we cannot assent to the doctrine that a widow is under any such obligation to pay her husband's debts as will of itself be a sufficient consideration to uphold a promise by her to pay such debts.

The general rule, to which there are some exceptions, in this state

at least, is that an express promise cannot be supported by a consideration from which the law would not imply a promise, except where the express promise does away with a legal suspension or bar of a right of action which, but for such suspension or bar, would be valid. Chitty on Contracts, page 54, 11th edition.

The creditors of B. Minter never had a cause of action against Mrs. Minter unless they had it upon her promise made after her husband's death, so that if they have a right of action on that promise it will not be because the promise has done away with a legal suspension or bar, but because it has created a new cause of action.

Mrs. Minter, so far from being bound by her promise to pay her husband's debts created while she was his wife, would not have been bound upon such a promise if the debts had been for articles of necessity furnished to herself during the marriage. *Littlefield v. Shee, 2* Bar. & Ad. 811.

If she would not have been bound upon a promise to pay for articles of necessity furnished to herself, she certainly cannot be bound upon a promise to pay for property sold to her husband. The moral ·obligation would be greater in the former than in the latter case.

We are, therefore, of the opinion that the court erred in adjudging that the proceeds of the policy of insurance were subject to the payment of B. Minter's debts. The judgment is therefore *reversed,* and the cause is remanded with directions to dismiss so much of the petition as seeks to subject that fund.

*Owen & Ellis, for appellant. Weir & Son, for appellees.*